UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO TANKSLEY,

    Plaintiff,

v.                                                      CASE NO. 3:24-cv-1068-HES-SJH

ANTHONY PENNINGTON, et al.,

    Defendants.
_____/

## ORDER

    **THIS CAUSE** is before the Court on (i) Defendants' Motion for Compulsory Examination of Plaintiff ("Motion for Examination"), Doc. 18; and (ii) Defendants' Motion to Compel Discovery and Incorporated Memorandum of Law ("Motion to Compel"), Doc. 21.

    The parties have agreed to a resolution of the Motion to Compel. *See* Doc. 22. Accordingly, and with the expectation the parties will follow their agreed resolution, the Motion to Compel will be denied without prejudice as moot.

    The Motion for Examination, in which Defendants seek a physical examination of Plaintiff by Eric M. Gabriel, M.D., pursuant to Rule 35 of the Federal Rules of Civil Procedure ("Rule(s)"), has been plagued by an inability to properly and effectively confer. When Defendants filed the Motion for Examination, they represented that they had diligently attempted but been unable to confer with Plaintiff to represent Plaintiff's

1

position. Doc. 18 at 5. The Court thus took the Motion for Examination under advisement, directed Defendants to continue conferral efforts and supplement their Motion for Examination accordingly, and reminded that the purposeful evasion of a conferral communication was sanctionable. Doc. 19. On January 27, 2025, Defendants filed a supplement as directed, stating that Plaintiff had raised an issue with respect to a videographer being present at the medical examination (which Plaintiff requested but Defendants disagreed with). Doc. 20. Defendants represented that they had attempted to confer with Plaintiff about this issue but had not been able to finalize these discussions such that "Plaintiff's position on the Motion [for Examination] and the recently raised issue regarding videotaping the examination remains unknown." *Id.* at 3. On January 31, 2025, Defendants filed a second supplement to their Motion for Examination, representing that the parties had *finally* conferred and that Plaintiff opposed the Motion for Examination due to the lack of a videographer. Doc. 23.

On February 3, 2025, Plaintiff filed Plaintiff's Objection to Defendants' Request for Compulsory Medical Examination by Dr. Eric M. Gabriel, MD ("Response"), Doc. 24.[1] In the Response, Plaintiff opposed the Motion for Examination due to the

---

[1] The Response violates the typography requirements of Local Rule 1.08.

2

lack of a videographer, among other issues.² With respect to Plaintiff's "request for a videographer, courts in the Middle District of Florida have routinely placed the burden of demonstrating good cause on the party seeking the presence of a third party [at a Rule 35 examination] and have denied the request absent a showing of special circumstances." *Kozlowski v. Wal-Mart Stores E., LP*, No. 5:21-cv-261-ACC-PRL, 2022 WL 4133126, at *1 (M.D. Fla. Sept. 12, 2022) (collecting cases); *see also Medina v. Valdez*, No. 5:24-cv-479-JSM-PRL, 2024 WL 4122881, at *2 (M.D. Fla. Sept. 9, 2024); *Santamaria v. McDowell*, No. 3:21-cv-603-BJD-MCR, 2022 WL 1212807, at *8 (M.D. Fla. Apr. 25, 2022); *Wailes v. Doherty*, No. 3:21-cv-180-BJD-PDB, 2021 WL 3679108, at *1 (M.D. Fla. Aug. 19, 2021). This authority is persuasive, and Plaintiff's Response has not shown (or even attempted to show) any such good cause or special circumstances for the presence of a videographer during a Rule 35 examination. Thus, to the extent the Response objects to the requested Rule 35 examination due to the lack of a videographer, the Court will overrule that objection.

Unfortunately, despite the requirements of Local Rule 3.01(g), this Court's prior conferral Order, and multiple conferral supplements by Defendants, the Response purports to raise various other objections to the Motion for Examination that it appears the parties have not even discussed. Upon review, it appears that any remaining issues

---

² Plaintiff's inclusion of these additional issues in the Response (i) undermines and is inconsistent with the conferral requirements of Local Rule 3.01(g) and this Court's prior conferral Order; and (ii) unnecessarily strains the resources of the parties and the Court.

3

in the Motion for Examination and Response may be predicated in whole or in part on an inability to properly and *effectively* confer. Thus, the Court will otherwise take the Motion for Examination under advisement and require appropriate conferral and if necessary supplemental briefing.[3]

Accordingly, it is **ORDERED**:

1. The Motion to Compel (Doc. 21) is **denied without prejudice as moot**.

2. Plaintiff's objection in the Response (Doc. 24) based on the lack of a videographer is **overruled**, and the Motion for Examination (Doc. 18) is otherwise **taken under advisement**. Counsel for the parties must confer in good faith in person, by videoconference, or by telephone about the outstanding issues raised in the Motion for Examination and Response thereto ("Pending Issues"), making every reasonable effort to resolve or narrow the Pending Issues. If the parties resolve all Pending Issues, then they shall promptly file a joint notice stating such resolution. If the parties do not resolve all Pending Issues, then on or before **February 13, 2025**, the parties shall file a joint notice certifying the manner of conferral as required by this Order. Such notice shall also state, for each of the Pending Issues, whether such issue has been resolved,

---

[3] The Response cites to Florida Rule of Civil Procedure 1.360 and various state-court cases. Doc. 24. To facilitate the parties' conferral discussions, the Court reminds that this action is pending in federal court. *See Hightower v. Macclenny Tire & Lube, Inc.*, No. 3:19-cv-219-J-32PDB, 2019 WL 6465057, at *2 (M.D. Fla. Dec. 2, 2019); *Tomlinson v. Landers*, No. 3:07-cv-1180-J-TEM, 2009 WL 2496531, at *2 (M.D. Fla. Aug. 12, 2009). In addition, the Court need not consider boilerplate or undeveloped arguments or issues.

narrowed (and if so, how), or requires the Court's consideration. For each issue requiring the Court's consideration ("Remaining Issues"), the parties shall jointly indicate, in a nonargumentative manner, a concise statement of the issue and of each side's position. On or before **February 20, 2025**, each side may file a memorandum, not to exceed 7 pages, in support of its positions as to any Remaining Issues.

**DONE AND ORDERED** in Jacksonville, Florida, on February 3, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:
Counsel of Record

5