UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO TANKSLEY,

      Plaintiff,

v.                                         CASE NO. 3:24-cv-1068-HES-SJH

ANTHONY PENNINGTON, et al.,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion for Compulsory Examination of Plaintiff ("Motion"), Doc. 18, and Plaintiff's response thereto ("Response"), Doc. 24. In the Motion, Defendants seek a physical examination of Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure ("Rule(s)").

On February 3, 2025, the Court entered an Order on the Motion ("Prior Order"). Doc. 25. As outlined therein, the Motion and Response have been plagued by an inability to properly and effectively confer. *See id.* at 1-4. In short, despite many conferral attempts and supplements pursuant to instructions from the Court and the requirements of Local Rule 3.01(g), though the Response purported to raise various objections to the Motion, the only objection by Plaintiff about which the parties had conferred was the lack of a videographer during the Rule 35 examination. *Id.*

In the Prior Order, the Court overruled Plaintiff's objection to the Motion and

1

Rule 35 examination based on the lack of a videographer. *Id.* at 3-4. With respect to any remaining objections to the Motion, about which the parties had not appropriately conferred, the Court otherwise took the Motion under advisement, directed the parties to confer and file a joint notice after doing so, and set a briefing schedule for any remaining issues that were not resolved. *Id.* at 3-5.

On February 11, 2025, the parties filed the Parties' Joint Conferral Notice Regarding Defendants' Motion for Compulsory Examination ("Joint Notice"). Doc. 28. Therein, the parties jointly represent that all remaining objections and issues as to the Motion have been resolved in that Plaintiff is no longer pursuing them. *Id.* at 1-2. Perplexingly, however, the Joint Notice also jointly represents that notwithstanding the Court's Prior Order "Plaintiff intends to videotape the examination himself on his cellphone or other personal recording device." *Id.* at 2. Supplemental briefing on this issue is neither needed nor appropriate.

Defendant has shown good cause for the examination requested in the Motion pursuant to Rule 35. In addition, the Court has addressed and overruled Plaintiff's objection concerning videography. The remaining intention of the Prior Order was to allow the parties to confer and, if necessary, properly brief the scattershot additional objections Plaintiff (improperly) lodged at the eleventh hour without conferring.[1] The

---

[1] The Court could (and perhaps should) have simply overruled such objections due to Plaintiff's failure to properly confer about and/or brief them, but it elected in caution to give an opportunity for further conferral and briefing.

Prior Order did not contemplate further briefing or further attention from the Court about any new issues or any already decided issues.[2]

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 18) is **granted** and any objections in Plaintiff's Response (Doc. 24) are **overruled**.

2. Plaintiff, Antonio Tanksley, shall submit to a physical examination by Eric M. Gabriel, M.D., on April 17, 2025, at 4:30 p.m., at Ascension St. Vincent's Medical Center Riverside, 2 Shircliff Way, Suite 200, Jacksonville, Florida 32204.

3. The manner, conditions, and scope of the examination shall be as set

---

[2] It is unclear whether Plaintiff believes he is raising a new issue or simply not accepting the Court's Prior Order. Either way, no further briefing is necessary. Any objection in Plaintiff's Response to the lack of a video of the examination was overruled in the Prior Order. To the extent Plaintiff may now be attempting to argue that the Response (and corresponding Prior Order) was narrow and only objected to (and in turned was overruled on) the lack of a *third-party* videographer, such that provisions for Plaintiff self-videoing the examination acting *himself* as videographer could be construed as a new objection, then any such new objection was not properly raised in the Response, is untimely, and was waived. Regardless, even if such a request were appropriate for consideration at this time (which it is not), as discussed in the Prior Order, Plaintiff has failed to show good cause and special circumstances for a videographer. Doc. 25 at 3-4. And that failing is equally dispositive to overrule the use of a recording device, regardless of whether the videographer is Plaintiff himself or a third-party. *See, e.g.*, *Colay v. City of Daytona Beach*, No. 6:23-cv-1499-WWB-UAM, 2025 WL 296508, at *1-2 (M.D. Fla. Jan. 24, 2025); *Scipione v. Advance Stores Co., Inc.*, No. 8:12-cv-687-T-24AEP, 2013 WL 646405, at *1 (M.D. Fla. Feb. 21, 2013); *Keen v. Bovie Med. Corp.*, No. 8:12-cv-305-T-24EAJ, 2012 WL 12905811, at *2 (M.D. Fla. Oct. 26, 2012); *Gibson v. Walgreen Co.*, No. 6:07-cv--1053-Orl-28KRS, 2008 WL 746845, at *2-3 (M.D. Fla. Mar. 18, 2008); *Schlunt v. Verizon Directories Sales-W., Inc.*, No. 3:05-cv-666-J-25MCR, 2006 WL 1643727, at *4 (M.D. Fla. June 12, 2006); *see also Soto v. United States*, No. 13-cv-2359-BAS (DHB), 2014 WL 12577594, at *1-4 (S.D. Cal. July 29, 2014); *Mitchell v. Home Depot U.S.A., Inc.*, No. 3:11-cv-332, 2012 WL 1366599, at *4 (W.D. Ky. Apr. 19, 2012). In sum, the Prior Order and this Order do not allow for the examination to be videotaped by Plaintiff acting as his own videographer or by a third-party videographer.

forth herein, in the Prior Order, and in the Motion.

    **DONE AND ORDERED** in Jacksonville, Florida, on February 14, 2025.

                                                Samuel J. Horovitz
                                                United States Magistrate Judge

Copies to:
Counsel of Record